# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

REBECCA M. MOORE and
LUPE WELBOURN,

        Plaintiffs,

v.                                No. _____

                                       JURY DEMANDED

ALFA ALLIANCE INSURANCE CORP.,

        Defendant.

## COMPLAINT

COME NOW the Plaintiffs, Rebecca M. Moore and Lupe Welbourn, by and through counsel, and for their claims against the Defendant, ALFA Alliance Insurance Corp., would respectfully state and show unto the Court as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff Rebecca M. Moore (hereinafter "Ms. Moore") currently resides at 1211 Scott Road, Apt. A, Burbank, CA 91504.

2. Plaintiff Lupe Welbourn (hereinafter "Ms. Welbourn") currently resides at 9916 Hanna Avenue, Chatsworth, California 91311.

3. Ms. Moore and Ms. Welbourn will be collectively referred to as "Plaintiffs" throughout this Complaint.

4. Defendant ALFA Alliance Insurance Corp. (hereinafter "ALFA") is an insurance company authorized to do business within the State of Tennessee. At all times relevant hereto,

ALFA conducted and transacted insurance business in Knoxville, Tennessee through its agents and continues to conduct and transact insurance business in Knoxville, Tennessee through its agents. ALFA is engaged in the insurance business and may be served with process through the Commissioner of Insurance.

5. This Complaint originates as the result of an automobile accident that occurred on October 26, 2010 in Los Angeles County, California and as the result of ALFA's failure to provide uninsured/underinsured motorist benefits pursuant to a certain contract of insurance in force at the time of the accident.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiffs and Defendants are not residents of the same state and the amount in controversy exceeds $75,000.00. The Court has personal jurisdiction over the Defendant who does business in the state of Tennessee. Venue also lies in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391, because a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. FACTS

7. On or about July 20, 2010, ALFA issued a policy of insurance to Ms. Moore, bearing Policy No. PAT 000626 01 (hereinafter the "Policy"). A copy of the Policy is attached hereto as **Exhibit A** and is incorporated by reference as if set forth verbatim herein.

8. The Policy was a renewal of an insurance policy that Ms. Moore had previously acquired from ALFA.

9. Ms. Moore is a former resident of Knoxville, Tennessee. While in Knoxville, she acquired automobile insurance from ALFA's agent.

10. After moving to California, Ms. Moore contacted ALFA's agent regarding the renewal of the Policy. With knowledge that Ms. Moore was residing in California, ALFA's agent renewed the Policy in its current form, assuring her that she was appropriately insured.

11. The Policy states that ALFA will provide uninsured motorist coverage to Ms. Moore and to "any other person 'occupying' '[her] covered auto.'"

12. Ms. Moore's covered automobiles under the Policy were listed on the declarations page of the Policy, and included a 2004 Mazda (Lexus) coupe four door with the last nine digits of the VIN being JTHBA30G145019992 (hereinafter "Covered Auto").

13. Pursuant to the Policy, Plaintiff was required to pay a premium to ALFA in exchange for insurance coverage. Plaintiff paid the required premium at all times relevant hereto.

14. On or about October 26, 2010, there was an automobile accident in Los Angeles County, California, wherein Plaintiffs were injured by the negligence of Martha Flores (hereinafter the "Loss").

15. The Loss was promptly reported to the authorities and Defendant.

16. The Loss was the result of Martha Flores colliding with the rear of the Covered Auto being driven by Ms. Moore in the northbound lanes of I-5.

17. Ms. Welbourn was a passenger in the Covered Auto at the time of the Loss.

18. Martha Flores was the sole and proximate cause of the Loss.

19. As a result of the Loss, Plaintiffs suffered serious and permanent physical and emotional injuries, as well as other damages recoverable under the applicable law.

20. Martha Flores had liability insurance through Access Insurance with limits of $15,000 per person and $30,000 per accident. A Declarations Page for Martha Flores insurance with

3

Case 3:14-cv-00396-PLR-HBG   Document 1   Filed 08/21/14   Page 3 of 9   PageID #: 3

Access is attached hereto as **Exhibit B** and is incorporated by reference as if set forth verbatim herein.

21. Plaintiffs' personal injuries, medical bills, lost wages, and other damages recoverable under the applicable law exceeded the $15,000 available to each of them under the policy of Martha Flores.

22. As such, Martha Flores was operating an "uninsured motor vehicle" under the Policy implicating the Uninsured Motorist Coverage contained within the Policy, which provides coverage up to $100,000 to each of the Plaintiffs.

23. Plaintiffs were both Insureds under the terms and conditions of the Policy.

24. Plaintiffs have fulfilled all duties imposed upon them under the Policy. Furthermore, Plaintiffs acted reasonably at all times material hereto. Additionally, some duties under the Policy were excused/waived as a matter of law.

25. Plaintiffs put ALFA on notice of their potential claims for underinsured motorist coverage pursuant to the Policy by letter dated June 1, 2011. A copy is attached hereto as **Exhibit C.**

26. In response to this notice, ALFA sent a letter on June 9, 2011, a copy of which attached hereto as **Exhibit D** and is incorporated by reference as if set forth verbatim herein.

27. As indicated by the response attached hereto as **Exhibit D**, ALFA acknowledged representation of Plaintiffs by their attorney Laurence H. Mandell and asked that medical reports and bills be forwarded and that updates as to the status of his clients be periodically provided.

28. ALFA knew or should have known that the Plaintiffs were living in California and, at a minimum, knew that the accident had occurred in California and was being handled by a California lawyer. Despite this knowledge and the fact that California law prohibits

4

Case 3:14-cv-00396-PLR-HBG   Document 1   Filed 08/21/14   Page 4 of 9   PageID #: 4

subrogation by an insurance company against an underinsured driver, ALFA did not advise Plaintiffs of the duties and obligations it now claims to have existed under Tennessee law and the Policy. For example, ALFA did not ask Mr. Mandell to protect its subrogation interest or to notify it of any litigation proceedings or settlement discussions that were instituted on behalf of Plaintiffs.

29. After the Loss, a lawsuit was filed against Martha Flores by Plaintiffs to preserve the statute of limitations.

30. Ultimately, Plaintiffs were able to settle their personal injury claims with Martha Flores and/or her insurance carrier for policy limits, with Plaintiffs each receiving payment in the amount of $15,000.00.

31. Thereafter, Plaintiffs notified ALFA of the settlement and release on December 7, 2012. A copy of this letter is attached hereto and incorporated by reference as **Exhibit E**. ALFA declined payment of uninsured motorist benefits under the Policy by letter dated January 16, 2013. A copy of this letter is attached hereto as **Exhibit F** and is incorporated by reference as if set forth verbatim herein.

32. As such, a Petition to Compel Arbitration was filed in California pursuant to California's mandatory arbitration statute, which requires arbitration of all uninsured motorist claims. This action was removed to federal court by ALFA. The Petition to Compel Arbitration was ultimately denied because the Judge determined the Policy to have been delivered in Tennessee.

33. Under California law, an insurer on an underinsured motorist claim has no right of subrogation. *See Hartford Fire Ins. Co. v. Macri*, 842 P.2d 112, 117-118 (Sup. Ct. Cal. 1992).

34. Martha Flores was underinsured for purposes of the Loss and according to the terms and conditions of the Policy.

35. Despite this, ALFA refused to make payment to Plaintiffs for their claims under the Policy and refused to participate in arbitration.

36. ALFA claimed that Plaintiffs had failed to comply with the Policy terms and conditions by not obtaining approval to settle with Martha Flores and/or her insurance carrier and, as such, Plaintiffs were not entitled to any benefits from the Policy.

37. The Policy language relied upon by ALFA is in direct contravention of California law.

38. At all times before the Loss, Plaintiffs reasonably relied on ALFA's representations that they were was covered under the Policy against the negligence of an uninsured motor vehicle and that she had been provided with the requested insurance coverage.

39. ALFA's conduct, as discussed above, falls significantly below the professional standards of service that ALFA had promised to provide to Plaintiffs and for which ALFA had been paid.

40. ALFA's refusal to pay Plaintiffs' claims and/or arbitrate Plaintiffs' claims pursuant to the Policy and stemming from the Loss has caused Plaintiffs to seek legal counsel and initiate this Complaint to recover the amounts to which they are entitled and/or to compel arbitration.

41. ALFA has refused to provide Plaintiffs with a reasonable or justifiable basis for failing to pay Plaintiffs for their claims and/or agree to arbitrate their claims as provided in the Policy.

42. ALFA's failure to pay Plaintiffs for their claims and/or to refusal to go to arbitration is without justification.

### III. CAUSES OF ACTION

**Count I -- Breach of Contract**

43. The allegations contained in paragraphs 1 through 42 of this Complaint are incorporated herein by reference, as if set forth verbatim herein.

44. The Policy is a contract between Plaintiffs and ALFA, and is supported by valid consideration. The Policy provides coverage for compensatory damages otherwise recoverable from the owner or operator of an uninsured motor vehicle.

45. Martha Flores is the owner or operator of an uninsured motor vehicle for which Plaintiffs are otherwise legally entitled to recover compensatory damages.

46. The Plaintiffs meet the definition of "Insured" as contained within the Policy.

47. The vehicle being driven by Martha Flores at the time of the Loss meets the definition of an "uninsured motor vehicle" under the Policy.

48. No exclusions in the Policy are applicable to the facts and circumstances of this case and/or the Loss.

49. ALFA sold Plaintiff a Policy that included Uninsured Motorist Coverage for the protection and benefit of Plaintiffs.

50. ALFA knew or should have known that Ms. Moore would operate the Covered Auto in California, as the Policy specifically provided coverage in California and ALFA, and or its agents, knew or should have known that Ms. Moore was residing in California.

51. Nevertheless, ALFA relies on language contained within the Policy that is in direct contravention of California law in an attempt to withhold the benefits rightfully due and owing to Plaintiffs under the Policy as a result of the Loss.

52. Under Tennessee law, an insurance company can waive a policy provision via the acts, representations, or knowledge of the insurer's agent.

53. Here, ALFA has denied Plaintiffs' claims under the Policy as specifically set forth in **Exhibit F**. Through its actions/inaction ALFA waived the provisions of the Policy on which it now intends to rely to deny the valid claims of Plaintiffs.

7

Case 3:14-cv-00396-PLR-HBG Document 1 Filed 08/21/14 Page 7 of 9 PageID #: 7

54. Specifically, ALFA waived the Policy requirements related to Notice and Consent before settling with an "underinsured motorist vehicle" as contained within the Policy based on the actions/inaction of ALFA and its agents. As such, ALFA is estopped from relying on the Policy provisions referenced in **Exhibit F**.

55. ALFA is in total, material breach of the Policy, and ALFA is liable to Plaintiffs under the Policy as a result of the Loss. Specifically, ALFA's breach of contract includes, without limitation, its failure and refusal to pay Plaintiffs' claims and/or submit Plaintiffs' claims to arbitration.

56. As a result of ALFA's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy. ALFA is liable to Plaintiffs for their damages.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that proper process be issued and served on ALFA requiring it to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award a judgment against ALFA as follows:

A. For compensatory damages against ALFA not to exceed Eighty-Five Thousand Dollars ($85,000.00) to Ms. Moore;

B. For compensatory damages against ALFA not to exceed Eighty-Five Thousand Dollars ($85,000.00) to Ms. Welbourn;

C. For a declaration that Defendant ALFA Alliance Insurance Group submit the claims of Plaintiffs to binding arbitration;

D. For all costs incurred as a result of this action;

E. For pre- and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a jury.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC


s/Clinton H. Scott
CLINTON H. SCOTT #23008
*Attorney for Plaintiff*
101 North Highland
Jackson, TN 38301
(731) 664-1340
(731) 664-1540 Facsimile
cscott@gilbertfirm.com

9